Ex parte LEROY OSBORNE.

No. A-8061.   Opinion Filed Jan. 21, 1931.
(295 Pac. 396.)

J. A. D. Collins, for petitioner.

Lewis R. Morris, Co. Atty., and Phil E. Daugherty, for respondent.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J.   Leroy Osborne filed in this court a duly verified petition, in which he alleges he is illegally restrained and imprisoned by Stanley Rogers, sheriff of Oklahoma county, Okla. The petitioner alleges that said restraint is illegal and unlawful; that on the 16th day of January, 1931, he had a preliminary hearing before Joseph E. Deupree, justice of the peace in and for Oklahoma City district, Oklahoma county, Okla. That in said preliminary hearing before the aforesaid justice of the peace there was no legal or competent evidence introduced against him to show that any crime had been committed, and if a crime had been committed there was no probable cause to believe that the petitioner committed said crime.

On the the 17th day of January, 1931, petitioner was ordered by said justice of the peace to be committed to the

sheriff of Oklahoma county, pending action of the district court of Oklahoma county; on the said 17th day of January, 1931, petitioner applied to the district court of Oklahoma county for writ of habeas corpus, and the same was denied, and he is now still confined by the respondent in the county jail of Oklahoma county, state of Oklahoma.

Attached to the petition is a duly certified transcript of the testimony taken at the preliminary examination.

A rule to show cause was issued on the 19th day of January, 1931, returnable on the 21st day of January, 1931, at 10 o'clock a. m., at which time the application was submitted on the petition, return of the officer to the rule, and transcript of the testimony taken in the preliminary trial and oral arguments.

Upon a careful examination of the pleadings, and the evidence, we hold there is no legal or competent evidence in the transcript to show that the defendant was guilty of larceny by fraud, as charged in the complaint.

The writ is granted, and the petitioner ordered discharged.

EDWARDS and CHAPPELL, JJ., concur.